# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| PAUL CASEY BLANK, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:16-CV-1463-K-BH | |
| § | | |
| DEUTSCHE BANK NATIONAL TRUST § | | |
| COMPANY, AS TRUSTEE FOR LONG § | | |
| BEACH MORTGAGE LOAN TRUST § | | |
| 2001-2 ASSET-BACKED CERTIFICATES, § | | |
| SERIES 2001-2, § | | |
|     Defendant. § | Pretrial Management | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this foreclosure case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for recommendation is *Defendant's Motion for Summary Judgment*, filed March 22, 2017 (doc. 13). Based on the relevant filings, evidence, and applicable law, the motion for summary judgment should be **GRANTED**.

## I. BACKGROUND

This case involves the attempted foreclosure of real property located at 7652 Culcourt Street, Dallas, Texas 75209 (the Property). (doc. 1-4 at 15.)[1] On April 25, 2001, Paul Casey Blank (Plaintiff) executed a Texas Home Equity Fixed/Adjustable Rate Note (Note) in favor of Long Beach Mortgage Company (Long Beach) for a home equity loan in the original principal amount of $137,900.00. (doc. 15 at 25-28.) Plaintiff contemporaneously executed a Texas Home Equity

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Security Instrument (Security Instrument) and a Texas Home Equity Affidavit and Agreement (Affidavit) that granted a security interest in the Property to Long Beach to secure repayment under the Note. (*Id*. at 30-34, 54-64.) Under the terms of the Note and Security Instrument, Plaintiff would be in default if he failed to timely pay the full amount of each required monthly payment and subject to acceleration of the loan and foreclosure proceedings. (*Id*. at 25-28, 54-64.)

On April 24, 2009, the Security Instrument was assigned to Deutsche Bank National Trust Company (Defendant) in an Assignment of Lien filed in the public records of Dallas County, Texas. (*Id*. at 51-52.) The home equity loan was initially serviced by JP Morgan Chase Bank (Chase). (*Id*. at 4-6.) Plaintiff failed to submit his monthly payments as required under the Note and Security Instrument and was provided with a notice of default by Chase on December 12, 2012. (*Id*. at 40-43.) This notice explained that Plaintiff was in default for failure to make required payments, and that the maturity date of the loan would be accelerated if the default was not timely cured. (*See id*.) On April 6, 2015, Plaintiff filed a petition for bankruptcy, which was subsequently dismissed on December 21, 2015. (doc. 1-4 at 19.)

On May 2, 2016, Plaintiff filed this petition in state court as a "Suit for Declaratory Judgment" under the Texas Declaratory Judgment Act (TDJA) seeking a judicial declaration that Defendant's lien is invalid because at origination, the loan exceeded eighty percent of the fair market value of the Property and settlement charges exceeded three percent. (*Id*. at 4-8.) He further alleges that the statute of limitations for Defendant to foreclose has expired. (*Id*.) He seeks declaratory judgment that the home equity loan under the Security Instrument is unenforceable and that he is entitled attorney's fees. (*Id*. at 20-22.) On June 1, 2016, Defendant removed this action to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1 at 3.)

2

On March 22, 2017, Defendant filed a motion for summary judgment. (docs. 13-15.) With a timely filed response, reply and sur-reply,[2] the motion is ripe. (docs. 26, 29, 37.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325 (internal quotation omitted).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249. "If the [nonmoving party's] theory is . . . senseless [where] no reasonable jury could find in its favor, [then] summary judgment should be granted." *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 751 (S.D. Tex. 2001)

---

[2] Plaintiff was granted leave to file a sur-reply on September 8, 2017. (doc. 35.)

(quoting *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468-69 (1992)).

"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). There is also "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.[3]

### III. SUIT FOR DECLARATORY JUDGMENT

Defendant argues that it is entitled to summary judgment because Plaintiff's suit under the TDJA does not assert any substantive cause of action and fails as a matter of law. (doc. 14 at 9-10.)

Federal "district courts cannot award relief pursuant to the [TDJA] because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *Falk*

---

[3] Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

*v. Wells Fargo Bank*, No. 3:09-CV-678-B, 2011 WL 3702666, at *4 (N.D. Tex. Aug. 19, 2011) (citing *Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1988) (internal quotation marks omitted). Because this action was removed from state court, "the action may be construed as one brought under the federal Declaratory Judgment Act." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012).

The federal Declaratory Judgment Act (FDJA) allows a federal court to declare the rights and legal relations of an interest party. 28 U.S.C. §§ 2201-2202; *Id.* at 769. It does not extend to all possible interests a party may possess, however. *Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, (HAVEN), 915 F.2d 167, 170 (5th Cir. 1990). The availability of a declaratory judgment "presupposes the existence of a judicially remedial right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Like the TDJA, the FDJA is a procedural device that creates no substantive rights. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). Consequently, the FDJA provides no relief unless there is a justiciable controversy between the parties. *See id.* A plaintiff seeking declaratory relief must therefore allege a "substantial and continuing" controversy, which the Fifth Circuit has likened to the Article III standing requirement of an existing case or controversy. *See Bauer v. Tex*as, 341 F.3d 352, 358 (5th Cir. 2003). A party's legal interest must relate to a viable cause of action on an actual "claim arising under federal law that another asserts against him" where "it is the underlying cause of action . . . that is actually litigated in a declaratory judgment action." *Collin Cty., Tex.*, 915 F.2d at 170-71 (citing *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984)); *see also Naddour v. Nationstar Mortg., LLC*, No. 3:11-CV-1096-B, 2012 WL 4473127, at *7 (N.D. Tex. Sept. 27, 2012).

Here, Defendant points to Plaintiff's live complaint, which identifies this case as a "Suit for

5

Declaratory Judgment" and only seeks a judicial declaration that Defendant's Security Instrument is void and unenforceable due to violations under the Texas Constitution and expiration of the statute of limitations. (docs. 14 at 9-10, 1-4 at 21-22.) Because the complaint does not identify any substantive or viable cause of action to support declaratory relief, Defendant has met its summary judgment burden. *See Collin Cty., Tex.*, 915 F.2d at 170-71 (explaining that "it is the underlying cause of action . . . that is actually litigated in a declaratory judgment action").

The burden now shifts to Plaintiff to identify a substantive and viable cause of action in his complaint to support declaratory relief. He argues that the alleged constitutional violations "constitute a viable cause of action" and he also "properly pled a claim to quiet title." (docs. 26 at 7, 37 at 3.)

A. **Constitutional Violations**

Plaintiff first contends that the alleged violations under section 50, article XVI of the Texas Constitution "constitute a viable cause of action" that allow declaratory relief. (doc. 26 at 7.)

Section 50(a)(6) of the Texas Constitution places numerous restrictions on home mortgages, including subsection 50(a)(6)(B) that prohibits loans that, when added to the principal balances of all other liens, exceed 80 percent of the home's fair market value, as well as subsection 50(a)(6)(e) that prohibits loans that require additional fees that exceed, in the aggregate, three percent of the original principal amount of the extension of credit. Tex. Const. art. XVI, §§ 50(a)(6)(B), 50(a)(6)(e). A debtor may give the lender notice of a constitutional violation, and the lender has 60 days to cure it. *Id*. § 50(a)(6)(Q)(x). If the lender fails to correct a defect during the 60-day window, it forfeits all principal and interest on the loan. *Id.* The Texas Constitution further states that "[n]o . . . lien on the homestead shall ever be valid unless it secured a debt described by this section." *Id*.

6

at § 50(c).

Here, Plaintiff argues that his allegations on the enforceability of the loan under section 50 constitute a "viable cause of action" as determined by the Texas Supreme Court in *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016). The court did not make that determination; it held that "no statute of limitations applies to an *action to quiet title* on an invalid home-equity lien." *Id.* at 547 (emphasis added). It also held that these types of constitutional violations "do not create substantive rights beyond a defense to foreclosure of a home-equity lien securing a constitutionally noncompliant loan" because "the terms and conditions in section 50(a)(6) are not constitutional rights and obligations unto themselves." *Id.* at 546 (citing *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 478 (Tex. 2016)). The court emphasized that borrowers may assert these constitutional violations "as a defense to foreclosure actions brought by lienholders or by filing their own substantive cause of action, such as a breach of contract or a quiet title action," but that the Texas Constitution does not create a separate right of action for asserting defective liens. *Johnson v. Citigroup Mortg. Loan Tr. Inc.*, No. 5:16-CV-1114-RCL, 2017 WL 3337268, at *8-9 (W.D. Tex. Aug. 3, 2017) (citing *Wood*, 505 S.W.3d at 546; *Garofolo*, 497 S.W.3d at 478, 484.) A plaintiff therefore does not state a claim merely by alleging constitutional violations of section 50(a), and he instead must plead such violations in the context of a substantive cause of action. *Id.* at *10; see *also Rodriguez v. Deutsche Bank Nat'l Tr. Co.*, No. CV H-16-1597, 2017 WL 4890023, at *3 (S.D. Tex. Oct. 30, 2017) (citing *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 602 (5th Cir. 2017)) (noting that "[a]lthough Section 50(a) does not create an independent cause of action, a borrower can sue its lender for violations of that section under a breach of contract theory" or suit to quiet title).

7

Because Plaintiff's complaint does not allege constitutional violations in the context of a substantive cause of action, he cannot obtain declaratory relief on this basis as a matter of law.

**B.      Quiet Title**

Plaintiff also contends that a justiciable controversy exists because he "wishes to have quiet title," and Defendant "wishes to foreclose on Plaintiff's homestead." (doc. 26 at 7.) He claims for the first time in his sur-reply that he "properly pled a claim to quiet title" and explains how his complaint pleads the three elements necessary for a quiet title action. (doc. 37 at 3.)

Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a "cloud" on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid. *See Warren v. Bank of America, N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) (citing *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.–Houston [1st Dist.] 2011, no pet.)). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.–Beaumont 2000, pet. denied). The plaintiff must recover on the strength of her own title, not on the weakness of her adversary's title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001, no pet.). The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief. *Wagner v. CitiMortgage, Inc.*, 995 F. Supp. 2d 621, 626 (N.D. Tex. 2014) (citing *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.–Houston [1st Dist.] 2009, pet. denied)).

Here, Plaintiff's complaint identifies only a "Suit for Declaratory Judgment" seeking judicial

declarations that the Security Interest is unenforceable under the Texas Constitution, that the statute of limitations to foreclose has expired, and that Plaintiff is entitled to attorney's fees under the TDJA.[4] (doc. 1-4 at 20-22.) It does not seek a declaration as to his own superior right to the Property or a declaration on the extent of his own right, title, or ownership of the Property.[5] (*See id.*) Although he has been represented by an attorney at every stage, Plaintiff now asks on summary judgment that a claim for quiet title be liberally construed from the facts alleged in the complaint. (docs. 26 at 7-9, 37 at 2-4.) Because Plaintiff's action for quiet title was not raised in his complaint, it will not be considered for the first time on summary judgment. *See Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a theory that "is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the court"); *see also Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered.").

Plaintiff has failed to sustain his burden, and Defendant is entitled to summary judgment.[6]

## IV. RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED**.

---

[4] The Civil Case Information Sheet that Plaintiff's attorney filed contemporaneously with this suit in state court explicitly identifies this suit as a "debt/contract" case seeking declaratory judgment and not a "quiet title" action. (doc. 1-4 at 9.)

[5] In his sur-reply, Plaintiff points to one sentence in the middle of the complaint's fact section that states "all remedies of Defendant under the Home Equity Loan . . . are void and unenforceable, and Plaintiff is entitled to a judicial declaration to that effect clearing title to all encumbrances arising from the Home Equity Loan." (docs. 1-4 at 19, 37 at 3.) Even if this sentence is liberally construed as a claim for quiet title, it does not properly state a claim because Plaintiff seeks recovery on the weakness of Defendant's claim and not the strength of his own title. *See Warren v. Mortg. Elec. Registration Sys., Inc.*, No. 3:13-CV-4185-M-BF, 2014 WL 4636030, at *8 (N.D. Tex. Sept. 2, 2014) (dismissing a suit for failing to state a quiet title claim because "conclusory allegations fail to raise a reasonable inference that plaintiff has superior title or that [the defendant's] claim to the Property is invalid or unenforceable").

[6] Because it is recommended that Plaintiff's entire suit be dismissed as a matter of law, Defendant's additional summary judgment arguments need not be considered.

**SO RECOMMENDED** on this 29th day of November 2017.

_/s/ Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_/s/ Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE